**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | |
| | : | **Chapter 11** |
| **ASN INVESTMENT GROUP, LLC,** | : | |
| | : | **Case No. 25-14054-DJB** |
| **Debtor.** | : | |

**OBJECTION OF CM2841 INVESTORS LLC TO ASN INVESTMENT GROUP, LLC'S DESIGNATION AS A SMALL BUSINESS DEBTOR AND ELECTION TO PROCEED UNDER SUBCHAPTER V PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1020(b) AND REQUEST FOR RELATED RELIEF**

CM2841 Investors LLC ("CM2841") by and through its undersigned counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby files this Objection (the "Objection") to ASN Investment Group, LLC's (the "Debtor") Designation as a Small Business Debtor and Election to Proceed under Subchapter V Pursuant to Federal Rule of Bankruptcy Procedure 1020(b) and Request for Related Relief; and in support thereof, states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157. The statutory predicates for the relief sought herein are Sections 101 and 1182 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 1020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## III. BACKGROUND

4. On or about May 22, 2025, CM2841 filed two (2) Complaints in Mortgage Foreclosure against the Debtor in the Philadelphia County Court of Common Pleas, seeking to foreclose on the Debtor's properties located at 2348 N. 29th Street, Philadelphia, Pennsylvania 19132 ("2348") and 2352 N. 29th Street, Philadelphia, Pennsylvania 19132 ("2352") due to the Debtor's defaults on related loan, for which the Properties were collateral (the "Loans") (CCP Philadelphia Cases No. 250502907 and 250502901) (the "Foreclosure Proceedings").

5. On August 7, 2025, CM2841 obtained judgment by default in the Foreclosure Proceedings (the "Judgments").

6. On September 8, 2025, the Debtor filed a pro se voluntary petition under Chapter 11 of the Bankruptcy Code the "First Bankruptcy") to stay the sheriff's sale of the Debtor's property located at 2350 N. 29th Street, Philadelphia, Pennsylvania 19132 ("2350" or in conjunction with 2348 and 2352, the "Properties" or the "Project") scheduled for September 9, 2025 by secured creditor Reigo Securitization Sponsor 2021-1, LLC ( "Reigo").

7. CM2841 listed 2348 and 2352 for sheriff's sale on December 2, 2025 and those sales were stayed by the First Bankruptcy as well.

8. The First Bankruptcy was dismissed on October 1, 2025 pursuant to the motion of the United States Trustee for failure to be represented by counsel in the bankruptcy proceeding. [D.I. #16 in the First Bankruptcy"].

9. On October 6, 2025, just a week after the First Bankruptcy was dismissed, the Debtor filed its second bankruptcy proceeding, again, to stay the Sheriff's sale of 2348 and 2352 (the "Second Bankruptcy"). The Second Bankruptcy was dismissed on April 1, 2026 again

pursuant to a motion by the United States Trustee and joined by CM2841. [D.I. #104 in the Second Bankruptcy].

10. On July 6, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"), identifying itself as a small business debtor pursuant to section 101(51D) of the Bankruptcy and electing to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. [D.I. #1].

11. The Debtor's current bankruptcy case was filed the day before the sheriff's sale of 2348 and 2352 scheduled for July 7, 2026.

12. On July 17, 2026, the Debtor filed its schedules of assets and liabilities (the "Schedules"), which listed CM2841 as a disputed secured creditor, with its debt secured by the Debtor's real properties located at 2348 and 2352. [D.I. # 21].

13. CM2841 also has a second priority secured claim on 2350.

14. The Schedules in the Second Bankruptcy valued each of the Properties at $615,000.00. [D.I. #30, 31 Second Bankruptcy], an amount supported by an appraisal performed on 2350 at the request of the Debtor and dated September 28, 2023 (the "2023 Appraisal").

15. During the Second Bankruptcy and after the Schedules were filed, the Debtor provided CM2841 with new appraisals for 2350 and 2352 dated January 30, 2026, which revealed that the values of 2350 and 2352 had significantly decreased to $245,000.00 and $260,000.00, respectively (the "Appraisals").

16. The Appraisals reveal a previously undisclosed decrease in the condition of the Properties, and specifically, with respect to 2350, reveal that the Debtor has removed a bearing wall that significantly decreased the value of the property.

17. The Appraisals also make it clear that the Debtor's inability to rent out the Properties further contributes to the decrease in the values of the Properties.

18. The values of the Properties have decreased to a point where they are worth significantly less than the amount owed on the Judgments.

19. In the Debtor's current bankruptcy case, the Schedules reveal that the value of the Properties have allegedly further decreased without explanation:

a. 2348 = $150,000.00;

b. 2350 = 174,000.00; and

c. 2352 = $153,400.00.

For each of the Properties the method used to obtain the values listed is "internet/appraisal." [D.I. #21].

20. It has also become clear to CM2841 that the Debtor's gross mismanagement of the Properties and its bankruptcy estate is far more pervasive than originally thought, considering the precipitous decrease in the value of the properties and the Debtor's inability to complete renovations in the properties or successfully rent multiple vacant residential and commercial units.

21. Here, the Debtor purchased the Properties as one project, took out the construction loans for the properties at the same time, utilizes one bank account for all three properties, comingling rent and presumably using the single bank as a common fund to pay for expenses on the Properties and otherwise operates the Properties as a single economic unit.

22. The principal of the Debtor testified at the 341 meeting that she considers the Properties a single project.

## V. <u>OBJECTION AND RELIEF REQUESTED</u>

23. CM2841 respectfully submits that the Debtor does not qualify as a Small Business Debtor as that term is defined under the Bankruptcy Code and therefore is not eligible to proceed in this bankruptcy case under Subchapter V of Chapter 11.

24. Section 1182 governs who may be a debtor under Subchapter V, stating, “The term ‘debtor’ means a small business debtor. 11 U.S.C. § 1182(1).

25. Section 101(51D)(A) of the Bankruptcy Code provides the definition of what constitutes a small business debtor and specifically excludes a person whose primary activity is the business of owning “single asset real estate”. 11 U.S.C. § 101 (51D)(A).

26. The Debtor is a person under the Bankruptcy Code which defines “‘person’ [as] include[ing] individual, partnership, and corporation, but does not include governmental unit . . .” 11 U.S.C. § 101 (41).

27. The Bankruptcy Code defines “single asset real estate” as

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101 (51B).

28. A debtor bears the burden of proving its eligibility under Subchapter V. *In re RS Air, LLC*, 638 B.R. 403, 413 (9th Cir. BAP 2022); *In re Vill. Oaks Senior Care, LLC*, 664 B.R. 170, 179 (Bankr. E.D. Cal. 2024).

29. Here, the Properties, which are made up of commercial spaces and more than four (4) residential units, are commonly owned by the Debtor and share contiguous boundaries and are all attached by common walls.

30. The Debtor generates substantially all of its gross income from the Properties.

31. The Debtor is not a family farmer.

32. No substantial business is being conducted by the Debtor other than the business of operating the Properties and activities incidental thereto.

33. While common ownership is not alone sufficient, a property can constitute a single project where the debtor has a common plan or purpose for the property. *In re JJMM Int's Corp.*, 467 B.R. 275, 277-78 (Bankr. E.D.N.Y. 2012).

34. Upon information and belief, the Debtor has even removed a bearing wall and combined two of the Properties into one common space shared by 2350 and 2352.

35. Furthermore, the Debtor's business model is to hold title to the Properties, lease them and use the rental income to pay creditors and ultimately generate profit.

36. Whether the Properties constitute a single project turns on whether the Properties are linked together by a common plan or purpose.

37. Courts have found single projects where the common plan for the relevant property was to hold title to the property and lease it, even when ownership was spread between related entities, or where the parcels would not be leased to related entities. *Id.; see also In re Philmont Dev. Co.*, 181 B.R. 220, 223-224 (Bankr. E.D. Pa. 1995) (holding that the definition of "single asset real estate" is broad, encompassing a limited partnership that owned and operated multiple properties as a "single project" where construction of semi-detached houses was financed with one construction loan provided by a single lender to the debtor).

38. In determining whether multiple properties constitute a single project, courts have consider the following factors:

> (1) the use of the properties; (2) the circumstances surrounding the acquisition of the properties, including the time of the acquisition and the

> funds used to acquire the properties; (3) the location of the properties and proximity of the properties to one another; and (4) any plans for future development, sale or abandonment of the properties.

*In re Evergreen Site Holdings, Inc.*, 652 B.R. 307, 318 (Bankr. S.D. Ohio 2023).

39. Here, (1) the Debtors uses the Properties for the common purpose of leasing to earn money to pay debts and with the goal of earning a profit; (2) the Properties were acquired by the Debtor substantially contemporaneously for the purpose of renovating them for leasing; (3) the Properties are attached and share common boundaries; and (4) the Debtor plans, through the Chapter 11, to reorganize its finances so that it can afford to continue to lease the Properties.

40. It is respectfully submitted that the Debtor has not met its burden of proving its eligibility under Subchapter V.

41. The Debtor is the owner of single asset real estate and is not eligible to be a small business debtor as that term is defined by the Bankruptcy Code, therefore is not eligible to proceed under Subchapter V of Chapter 11.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, for all the above reasons, CM2841 respectfully requests that this Court sustain the objection of CM2841 and enter an order compelling the Debtor to amend its petition to designate itself as a single asset real estate debtor, remove the designation as a small business Debtor and the election to proceed under Subchapter V of Chapter 11 and granting such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Dated: March 31, 2026

By: *<u>/s/ Michael D. Vagnoni</u>*

Michael D. Vagnoni, Esquire
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(215) 665-3066 – Phone
(215) 665-3165 – Facsimile
Email: michael.vagnoni@obermayer.com
*Counsel to CM2841 Investors LLC*